UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

MICHAEL SPARBER,
                          Defendant.

14-CR-390 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

      Defendant Michael Sparber is serving a 97-month sentence for a series of Hobbs Act robberies. Proceeding *pro se*, Defendant has requested early release to home confinement under the First Step Act, 18 U.S.C. § 3582(c)(1)(a)(i), in light of the COVID-19 pandemic. (*See* Dkt. No. 21.) The Government has filed a response opposing Defendant's motion. (*See* Dkt. No. 22.)

      "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). Under the First Step Act of 2018, a court is permitted to reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement, U.S.S.G. § 1B1.13, outlines four circumstances that constitute "extraordinary and compelling reasons" and thus justify a sentence reduction. One of those circumstances is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The policy statement also

requires that the defendant not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

The First Step Act allows a court to reduce a sentence in this manner "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

After considering Defendant's case in light of these standards, the Court concludes that early release to home confinement is not warranted. As explained at sentencing, Defendant's crimes were serious and violent, and the sentence imposed was necessary to serve the purposes of protecting the public, just punishment, and general and specific deterrence. (*See* Dkt. No. 19.) Moreover, while Defendant does have health conditions that place him at a heightened risk from COVID-19, he is currently scheduled to be transferred to a residential reentry center (or halfway house) next month — on August 25, 2020. The Court believes that the structure and services of a residential reentry center will benefit Defendant and help serve the purposes of Section 3553(a).

In his letter, Defendant explains that he has grown spiritually during his time in prison and has made positive changes in his life. It is certainly encouraging to read those words. I sincerely hope that Mr. Sparber will use his time at the residential reentry center to continue his positive path forward. With good-time credit, he will be released from BOP custody on April 21, 2021.

For the foregoing reasons, Defendant Sparber's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) is denied.

Counsel for the Government is directed to mail a copy of this order to Defendant.

SO ORDERED.

Dated: July 27, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge